UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

GERALD ORTIZ,

Defendant.

18-CR-00368 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Gerald Ortiz ("Defendant") is charged by Information on the following four counts: (1) possession with intent to distribute a controlled substance, in violation of U.S.C. § 841(a)(1) and § 841(b)(1)(B); (2) possession with intent to distribute a controlled substance, in violation of U.S.C. § 841(a)(1) and § 841(b)(1)(C); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 922(c)(1)(A)(i); (4) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Information, ECF No. 19.) Before the Court is Defendant's Motion to Suppress statements that Defendant made on November 14, 2017, during the execution of a search warrant at his home. (Memorandum of Law in Support of Motion to Suppress Evidence, ("Def. Mem."), ECF No. 21). For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

The facts herein are taken from the Complaint, Superseding Complaint, Information, Defendant's Motion, including the affidavit and application for the search warrant executed on November 14, 2017 ("Search Warrant"), and the Government's Response to Defendant's Motion (("Gov. Opp."), ECF No. 23.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/18

In October and November of 2017, the Town of Newburgh Police Detective Bureau ("TNPD") and members of the New York State Police began investigating Defendant for trafficking narcotics in and around the town of Newburgh, Orange County. (Def. Mem., Ex. A, ¶ 7.) During the first week of November 2017, the TNPD used an undercover officer ("UC") to purchase crack/cocaine from Defendant and investigate Defendant's operations. (*Id*. ¶¶ 8-9.) This investigation culminated with the UC determining that Defendant had been conducting illegal narcotics sales from his residence located at 324 Lakeside Rd., Town of Newburgh, Orange County, New York. (*Id*. ¶¶ 11-12.) Consequently, on November 7, 2017, the Honorable Jude T. Martini, Town Justice of the Town of Newburgh, signed the Search Warrant presented by the TNPD to allow the TNPD to search Defendant's residence.

On November 14, 2017, the UC and other TNPD Officers ("Officers") executed the Search Warrant at Defendant's residence. (Information at 1.) Defendant was home when the Officers arrived. (*Id*.) The Government asserts that he was immediately handcuffed and led to an area on the second floor of his residence. (Gov. Opp. at 3). Both parties agree that Defendant was not Mirandized at this time. (*Id*.; Defendant's Affidavit, ("Def. Aff."), ECF No. 21 ¶ 6.) Shortly thereafter, the Officers searched the residence and found a locked door to an attic. (Gov. Opp. at 3.) The Government claims that one of the Officers then called out for a tool to breach the door, but when Defendant heard this request, he "informed the search team, in sum and substance and in part, that they should not break down the door, because he had a key for [it]."(*Id*.) The Officers then attained the key from a nightstand in Defendant's bedroom, unlocked the door, and proceeded to the attic, where they retrieved, among other things: a loaded revolver, vacuum sealed plastic baggies containing a white substance, an open plastic baggie containing a white substance, and numerous glassine envelopes. (*Id*.; Superseding Complaint ¶ 5(d).)

The Officers tested the open baggie and at least one envelope, both of which yielded positive for cocaine or heroine. (Superseding Complaint ¶ 5(d).) Afterwards, the Officers took Defendant outside of his home to the rear of his property, where the Government alleges that Defendant stated that "everything in the attic … belonged to him." (Gov. Opp. at 1.)

That same day, the Government formally commenced judicial proceedings against Defendant by filing a criminal Complaint. (ECF No. 1.) The Government filed a superseding Complaint on November 16, 2017. (ECF No. 3.) On May 23, 2018, the Defendant waived Indictment. (ECF No. 20.) Subsequently, on May 23, 2018, the Government charged Defendant by Information on the four aforementioned counts. Defendant then timely filed his Suppression Motion, and the Government timely filed its Opposition. Defendant has not filed a reply, and the time to do so has expired. (*See* ECF Entry Dated 07/12/2018.)

Defendant presently seeks to suppress all statements attributable to him that he made to Officers during the execution of the Search Warrant on the ground that he was in custody for *Miranda* purposes, but was not advised of his rights before he was interrogated. (Def. Mem.) Defendant additionally requests that the Court conduct an evidentiary hearing to allow him to demonstrate that his statements were obtained in violation of his Constitutional rights. (*Id*.)

The Government opposes Defendant's Motion on two grounds. First, because it has agreed not to use any statements that Defendant made outside his residence during its case-in-chief, insofar as the Court construes Defendant's Motion as only pertaining to those statements, it argues that Defendant's Motion is moot. (Gov. Opp. at 6.)[1] Second, the Government asserts that Defendant made additional statements to Officers within the residence that should not be considered at this time. (*Id*. at 1-2.)

---

[1] The Government does seek to reserve the option to admit this statement to impeach the defendant, should he testify at trial and present evidence that is inconsistent with, or contradicted by, this statement. (Gov. Opp. at 6.)

The most critical statements made inside involve Defendant admitting having the key to the attic door. In another, he supposedly told one Officer that "everything in the attic belonged to him." (Gov. Opp. at 2). As with the statements Defendant made outside about owning the items in attic, the Government represents that it will not seek to admit this statement about ownership during its case-in-chief. (*Id*.). Hence, the Government's second argument concerns only the statements that Defendant made inside in which he told the Officers not to breach the attic door because he had the key. Here, the Government argues that the Court ought not to consider them as part of the instant motion because Defendant did not specifically move to exclude statements that he made inside the residence. (*Id*. at 7-8.) Alternatively, the Government argues that should the Court consider such statements, an evidentiary hearing is unwarranted because Defendant has not established that he was "entitled to *Miranda* warnings before the request by law enforcement to breach the door, because that request did not subject Ortiz to interrogation." (*Id*.)

## DISCUSSION

### I. Defendant's Request for Evidentiary Hearing

#### a. Legal Standard

A Court must conduct an evidentiary hearing on a suppression motion when "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Kirk Tang Yuk*, 885 F.3d 57, 77 (2d Cir. 2018); *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 157, 165 (2d Cir. 2008). A defendant seeking to suppress evidence bears the burden of demonstrating disputed issues of fact that justify an evidentiary hearing. *United States v. Martinez*, 992 F. Supp. 2d 322, 325 (S.D.N.Y. 2014).

To meet this burden, the defendant "must submit an affidavit by someone with personal

knowledge that disputed facts exist." *Id.* (quoting *United States v. Noble*, No. 07 Crim. 284, 2008 WL 140966, at *1 (S.D.N.Y. Jan. 11, 2008)). "In the absence of such an affidavit, or when the allegations contained in such an affidavit are general and conclusory, an evidentiary hearing is unnecessary." *Id.* (quoting *United States v. Dewar*, 489 F.Supp.2d 351, 359 (S.D.N.Y.2007)); *see also United States v. Barrios*, 210 F.3d 355 (2d Cir.2000) (finding no evidentiary hearing required absent "an affidavit of someone alleging personal knowledge of the relevant facts.").

### b. Application

At the onset, the Court notes that there are effectively two sets of statements at issue. The first are the statements that Defendant made to certain Officers in which he admitted that everything in the attic belonged to him. The second set are those that he supposedly made earlier while still inside the residence when he directed Officers not to break down the attic door because he had its key.

Although the Government argues that Defendant's Motion only pertains to a single statement that Defendant made outside the residence, the Court disagrees with the Government's reading of Defendant's brief and affidavit. Defendant's brief specifically states his request that "*all* statements of Defendant, intended to be offered by the Government a trial, should be suppressed." (*Id.*). Similarly, in his Affidavit, he seeks suppression of "*all* testimonial evidence reportedly gained from [him]." (Def. Aff. at 7.) The Court therefore assesses each set of statements in turn.

Turning to the first set of statements, the Government, has agreed that it will not seek to admit during its case-in-chief any statements "regarding the ownership of the items in the attic while Ortiz was outside the Residence"or the statement that "everything in the attic belonged to him" that he told an Officer whilst still inside. (Gov. Opp. at 1-2.) Therefore, this Court need not

5

conduct a hearing over these statements, as there is no issue in dispute. The Government is hereby precluded from introducing these statements during its case-in-chief, but may seek to admit them for impeachment purposes.

The Court then turns to the statements that the Defendant made whilst he was still inside the residence regarding the location of the key. Although the Government argues that "Ortiz's declaration does not provide an adequate basis to conclude that the law enforcement officers asked interrogatory questions which were 'reasonably likely to elicit an incriminating response,'" Defendant does mention that he was "woken by approximately sixty law enforcement officers from the Town of Newburgh" and that "[t]here was a point where I was by the officers." (Def. Mem.) His brief asserts: "Defendant was questioned while surrounded by approximately dozens of law enforcement officers with their weapons drawn." (*Id.*). His declaration adds that "[a]t no point was I advised of my right to remain silent or my right to obtain an attorney and have him present during *any* questioning." (Def. Aff. ¶ 6.)

The Court finds that Defendant has sufficient personal knowledge of the events that transpired during execution of the Search Warrant and that his statements concerning how the Search Warrant was executed manage to raise factual issues that are in dispute—namely, whether Defendant should have been *Mirandized* when he was taken into custody inside his home and whether his statements to the Officers about the location of the attic key were spontaneous or the product of an interrogation he endured when he was in custody.

Accordingly, the Court grants Defendant's request for an evidentiary hearing for the limited purpose of ascertaining the exclusionary basis for the second set of statements.

## II. Defendant's Request for Suppression

In light of the Government's decision to forgo trying to admit Defendant's statements made outside the home and about owning all the items in the attic and the Court's decision to grant an evidentiary hearing regarding statements about Defendant having the attic key, the Court need not assess the merits of Defendant's requests for suppression at this time.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED. It is granted to the extent of: 1) precluding the Government from using any statements Defendant made inside and outside the residence in which he told the Offices that everything in the attic belonged to him; and 2) setting a hearing to determine whether or not Defendant's statements made inside the residence regarding knowing where to find the attic key were spontaneous. Accordingly, the parties are directed to appear at their next status conference on October 12, 2018 at 11:30 am for the purposes of scheduling an evidentiary hearing on the outstanding issue related to this motion. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 21.

Dated: October 5, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge